Donald R. Sallah, Esq. Marchese and Sallah, Esqs.
Your letters of March 12, 1980, April 1, 1980 and April 15, 1980 state that the Holtsville Fire Department Volunteer Exempt Firemen's Benevolent Association (association) was created by Chapter 6 of the Laws of 1978 (the act) as a not-for-profit corporation.
Section 7 of the act provides that the Insurance Law §§ 553 and 554 taxes on insurance premiums of foreign and alien fire insurance companies writing fire insurance on property in the district be paid to the association and that the tax money shall be used only for the care and relief of disabled or indigent volunteer and exempt volunteer firemen and their families.
The tax imposed by Insurance Law § 553 is a tax on the premiums for fire insurance policies written by foreign or alien insurance companies, except mutual insurance companies, on property in this State. The tax imposed by Insurance Law § 554 is a tax on the premiums for fire insurance policies written by foreign or alien mutual fire insurance companies on property in this State. In each case the tax would be paid to the Holtsville Fire District Treasurer unless a special law provides otherwise. The act is such a special law.
You ask our opinion whether the board of fire commissioners of the Holtsville Fire District has any responsibility for the operation of the benevolent fund created by the act for the association and any responsibility for the overseeing of the money in the fund after the association receives it.
The act creating the corporation provides, in section 6, that the control and disposal of the funds, property and estate of the association, the exercise of its powers and the management and control of its affairs are vested in and exercised by a board of trustees. There is no provision that the trustees be members of the board of fire commissioners or be subject to their control. There is nothing in the act that provides that the fire district commissioners or the fire department have any responsibility for oversight in connection with these funds.
These tax moneys constitute a trust fund to be used only for the statutory purpose above stated. They must be kept in a special account and not intermingled with other association funds obtained from other sources for use in connection with other purposes for which the association was formed, as such purposes are enumerated in section 3 of the act. General Municipal Law § 30-a requires annual reports of insurance premium tax funds to be filed with the State Comptroller and section 33-a authorizes the Comptroller to examine and inspect the records and accounts of the association.
In our opinion, the board of fire commissioners of the Holtsville Fire District has no responsibility for the operation of the benevolent fund or for overseeing the money in the benevolent fund of the Holtsville Fire Department Volunteer Exempt Firemen's Benevolent Association.